# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40177
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GASTON DE LA TORRE-DE LA TORRE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1760-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gaston De La Torre-De La Torre pleaded guilty to being found unlawfully present in the United States following deportation. The district court sentenced De La Torre-De La Torre to 57 months in prison, at the bottom of the 57 to 71-month guidelines range set forth in the sentencing transcript. For the first time on appeal, De La Torre-De La Torre argues that the district court erred in calculating his criminal history category. Because he did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40177

object on this ground in the district court, we review the claim for plain error. De La Torre-De La Torre thus must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The Government acknowledges that the district court committed error when it added one point to De La Torre-De La Torre's criminal history score based on his Illinois conviction for armed violence. *See* U.S.S.G. § 4A1.1(a), (e), and cmt. n.5 (2013); U.S.S.G. § 4A1.2(a)(2) (2013). Even with clear error in the calculation of De La Torre-De La Torre's criminal history score, we must determine whether the error affected De La Torre-De La Torre's substantial rights. *See Puckett*, 556 U.S. at 135. In order to show that error affected his substantial rights, De La Torre-De La Torre must "show a reasonable probability that, but for the district court's error, [he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

Absent the assessed criminal history point, De La Torre-De La Torre would have accrued six criminal history points (rather than seven), resulting in a criminal history category of III (rather than IV) and an advisory guidelines range of 46 to 57 months in prison (rather than 57 to 71). Because his sentence falls within both guidelines ranges, De La Torre-De La Torre must point to "additional evidence" in the record, other than the difference in ranges, to show an effect on his rights. *United States v. Pratt*, 728 F.3d 463, 481-82 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1328 (2014). He has not done so. Accordingly, he has not established plain error warranting reversal by this court. *See Puckett*, 556 U.S. at 135.

No. 14-40177

De La Torre-De La Torre also argues that an error in the guidelines calculations should be considered presumptively prejudicial. He concedes, however, that the issue is foreclosed by our precedent and that he is raising the argument only to preserve it for further review.

AFFIRMED.